**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAMLYN HUNT, <br><br>       Plaintiff - Appellant, <br><br>   v. <br><br> FEDERAL EMERGENCY MANAGEMENT AGENCY; DAVID RICHARDSON, in his capacity as Senior Official Performing the Duties of Administrator of FEMA; HAWAII DEPARTMENT OF LAND AND NATURAL RESOURCES; DAWN CHANG, in her official capacity as Chairperson of the Board of Land and Natural Resources, <br><br>       Defendants - Appellees. | No. 25-4206 <br><br> D.C. No. 1:25-cv-00035-DKW-KJM <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted February 18, 2026**

Before:     CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tamlyn Hunt appeals pro se from the district court's order denying his motion for a preliminary injunction in Hunt's action alleging federal claims regarding a dredging project in Hawaii. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion the denial of a motion for a preliminary injunction. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023). We affirm.

The district court did not abuse its discretion in denying Hunt's motion for preliminary injunction because Hunt failed to make a clear showing of an injury in fact, as required for Article III standing. *See LA All. for Hum. Rts. v. County of Los Angeles*, 14 F.4th 947, 955 (9th Cir. 2021) (explaining that at the preliminary injunction stage, a plaintiff "must make a clear showing of each element of standing" (citation omitted)); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (setting forth the elements of constitutional standing, including an "injury in fact," which is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical" (citations and internal quotation marks omitted)); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (explaining that a "threatened injury must be certainly impending to constitute injury in fact, and . . . allegations of possible future injury are not sufficient" (citation and internal quotation marks omitted)). For the same reasons, the district court properly determined that Hunt's

2                                                                                           25-4206

action should be dismissed for lack of standing. *See Arc of Cal. v. Douglas*, 757 F.3d 975, 992-94 (9th Cir. 2014) (holding this court may exercise pendent appellate jurisdiction over otherwise non-appealable rulings inextricably intertwined with orders properly before the court on interlocutory appeal). We affirm the district court's minute order dismissing Hunt's action for lack of standing, and direct the district court to close the case. Because the case was dismissed for lack of jurisdiction, the dismissal will be entered without prejudice. *See Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022) (explaining that "dismissals for lack of Article III jurisdiction must be entered without prejudice").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**